**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**DAMIEN LINDSAY**                                                    **PLAINTIFF**

**VS.**                                        **CIVIL ACTION NO. 3:13CV1037-LRA**
                                                                           **( 4:13cv131)**

**WARDEN JERRY BUSCHER, ET AL**                          **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

      Defendants Buscher, Wedgeworth, Naidow, R. Naidow, Rice and Alexander filed a Motion for Summary Judgment for Failure to Exhaust Administrative Remedies which is before the Court for consideration.   Defendant Dr. Carl Faulks joined in the motion. Defendants allege that Damien Lindsay (hereinafter "Lindsay" or "Plaintiff") failed to exhaust the remedies available to him through the Administrative Remedy Program [ARP] at East Mississippi Correctional Facility [EMCF] prior to filing this suit.

      Lindsay was a convicted felon housed in the custody of the Mississippi Department of Corrections [MDOC] on August 9, 2013, when he filed this lawsuit regarding his conditions of confinement at EMCF.   Among other claims, Lindsay charged that his requests for "red tags" of other inmates, as well as his requests for protective custody, were denied by Defendants.  An incident occurred on August 3, 2013, wherein he was hurt by other inmates.  Lindsay charged that he received inadequate medical treatment for his injuries.   Defendants were employees of Management & Training Corporation serving at EMCF at all times relevant to Lindsay's claims.

In his Complaint, Lindsay contends that he did exhaust his claims with the Administrative Remedy Program in February 2013 before filing this suit on August 9, 2013. Complaint, [1], p. 3. Defendants challenge this assertion, contending that Plaintiff did not exhaust his claims with the ARP until *after* this suit was filed. In support, they attached the Affidavit of Rebecca Naidow, ARP Clerk at EMCF, dated December 3, 2013, along with a copy of all Lindsay's ARP proceedings [27-1]. Because Lindsay failed to complete the entire administrative review process before filing suit, Defendants requests the Court to dismiss this lawsuit. The omnibus hearing transcript [43] has also been filed of record, and it contains Lindsay's testimony relating to his attempts at exhaustion.

As Defendant points out, the applicable section of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

This statute clearly requires an inmate bringing a civil rights action in this Court to first exhaust his available administrative remedies. *Booth v. Churner*, 532 U.S. 731, 739 (2001). Exhaustion is no longer left to the discretion of the district court, but is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). Exhaustion will not be excused when an inmate fails to timely exhaust his administrative remedies; the exhaustion requirement also means "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 83-84

(2006).  It is not enough to merely initiate the grievance process or to put prison officials on notice of a complaint; the grievance process must be carried through to its conclusion. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).  This is so regardless of whether the inmate's ultimate goal is a remedy not offered by the administrative process, such as money damages.  *Id.*

In *Jones v. Bock*, 549 U.S. 199, 211 (2007), the Supreme Court again confirmed that exhaustion was mandatory under the PLRA and that "unexhausted claims cannot be brought in court."   The Court did find that the failure to exhaust was an affirmative defense and prisoners were not required to plead exhaustion in the Complaint.  *Id.*  However, a case is still subject to dismissal where exhaustion is not pled.  *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007).

The Fifth Circuit has confirmed that "the PLRA pre-filing exhaustion requirement is mandatory and non-discretionary," and that "district courts have no discretion to waive the PLRA's pre-filing exhaustion requirement."  *Gonzalez v. Seal,* 702 F.3d 785, 787-88 (5th Cir. 2012) (per curiam); *Moussazadeh v. Texas Dept. of Criminal Justice*, 703 F.3d 781, 788 (5th Cir. 2012) (quoting *Gonzalez*).   The Court specifically stated:

> ... **District courts have no discretion** to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint.  **It is irrelevant whether exhaustion is achieved during the federal proceeding.**  Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted.

*Gonzalez*, 702 F.3d at 788 (*emphasis added*).

3

The Court in *Gonzalez* overruled prior case law giving district courts the discretion to "excuse" an inmate's failure to exhaust before filing suit. *Id.,* overruling *Underwood v. Wilson*, 151 F.3d 292 (5th Cir. 1998). The inmate in *Gonzalez* did as Lindsay did: he completed the ARP *after* filing his federal lawsuit. The Court held that this was not sufficient to comply with the PLRA's exhaustion requirements.

The records provided by Defendants confirm that Lindsay submitted an ARP on April 1, 2013, claiming that his prior requests for red tags had not been processed, and that he was about to be housed with inmates whom he had tried to red tag. The records confirm that Plaintiff later believed this issue was resolved, and he submitted a voluntary dismissal of this ARP. It was not until August 13, 2013, four days after filing this Complaint, and only ten days after he was assaulted, that Lindsay submitted an ARP regarding many of the claims he asserts in this Complaint. He received a First Step Response from Major Smith on September 17, 2013, and a Second Step Response from Warden Buscher on September 26, 2013. The ARP was clearly exhausted only *after* this federal lawsuit was filed, and *Gonzalez* requires dismissal.

Lindsay testified at the omnibus hearing regarding his attempts to exhaust his claims, and he clearly believes that he did so. That is understandable but, unfortunately, the documentary evidence shows otherwise. He did file an ARP request to red tag inmates but dropped the ARP after different housing provisions were made. His ARP regarding his claims of failure to protect was not completed when he filed this lawsuit. Lindsay clearly did not exhaust his administrative remedies *before* filing this lawsuit, and

4

the Court has no choice but to dismiss his Complaint.   Lindsay may not have understood that the law required him to complete the ARP procedure before filing this lawsuit---  but not knowing the law does not allow this Court to excuse his failure to exhaust.

For these reasons, the Court finds that Defendants' Motion for Summary Judgment [27] is **granted** and Plaintiff's Complaint shall be dismissed without prejudice as to all Defendants.

IT IS THEREFORE ORDERED that the Complaint is dismissed without prejudice.  Final Judgment shall be entered on this date.

SO ORDERED this the 15th day of May 2014.

                                        /s/Linda R. Anderson
                             UNITED STATES MAGISTRATE JUDGE